# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11-CR-0118-001-CVE |
| v. ) | |
| ) | |
| STEVEN PAUL WOOTEN, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is a third letter from defendant (Dkt. # 54), wherein he requests that the Court order him to be transferred from a state facility to a federal facility and for re-evaluation to determine the extent to which being denied his previous request for transfer has affected his mental condition. He also requests that the Court issue a writ of habeas corpus so that he can address the Court on his need for medical and psychiatric care and access to educational and religious programs.

On May 11, 2012, defendant was sentenced to a 60-month term of imprisonment following his plea of guilty to the offense of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2113(d). Defendant appeared for sentencing on a writ of habeas corpus ad prosequendum from the State of Oklahoma, where he had been held since July 2011 on unrelated offenses in Tulsa County Case No. CF-2011-2476 (two counts of false pretense of $500 or con game) and Tulsa County Case No. CF-2007-3210 ( a revocation sentence on an October 2007 conviction for second degree forgery).

On June 27, 2012, the Court filed a recommendation for partially concurrent designation based on the defendant's initial letter (Dkt. # 50), dated May 31, 2012, questioning his placement in state custody. The Court construed the defendant's inquiry liberally as a motion for a concurrent sentence. The Court found that the aforementioned Tulsa County cases were not related to the

instant offense.  Under such circumstances, a district court may order the instant offense to run concurrently, partially concurrently, or consecutively to the undischarged terms of imprisonment to achieve a reasonable punishment for the instant federal offense.  See USSG §5G1.3(c); 18 U.S.C. §§ 3584(a), (b). Based on the nature and unrelated character of the state offenses and the length of the sentences imposed, and in consideration of 18 U.S.C. § 3553(a) factors, the Court found that it was reasonable for the instant federal imprisonment term to run partially concurrently with the undischarged Tulsa County sentences.  Accordingly, defendant's motion for recommendation for nunc pro tunc designation of a state institution for concurrent service of the instant federal sentence (Dkt. # 51) was granted in part and denied in part.

On April 17, 2013, defendant filed a second letter (Dkt. # 52), requesting that the Court order all of the 60-month term of imprisonment imposed in the instant federal conviction to run concurrently with Tulsa County Case Nos. CF-2011-2476 and CF-2007-3210.  The Court denied this request in an Order (Dkt. # 53) filed on April 23, 2013.

As to the defendant's instant request for the Court to transfer him from a state facility to a federal facility, the Court finds that it does not have the authority to consider such a request. Defendant was first arrested by state authorities and, relative to that arrest, was ultimately convicted and sentenced to terms of imprisonment in the custody of the Oklahoma Department of Corrections. He was in the primary custody of the State of Oklahoma when he appeared on a writ for disposition of the instant case, and was returned to state custody following sentencing.  "Whether custody of a prisoner will be surrendered or retained is a matter of comity and is to be determined by the sovereign having custody." Gee v. Kansas, 912 F.2d 414, 417 (10th Cir. 1990). Under the principle of primary custody, "[t]he sovereign that first acquires custody of a defendant in a criminal case is

2

entitled to custody until it has exhausted its remedy against the defendant." Weekes v. Fleming, 301 F.3d 1175, 1180 (10th Cir. 2002). When two different sovereigns sentence an inmate for separate crimes, the sovereign that first arrested him acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied. United States v. Fleming, 301 F.3d 1175, 1180 (10th Cir. 2002). See also United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998); United States v. Smith, 812 F. Supp. 368, 371 (E.D.N.Y. 1993). The State of Oklahoma always had and continues to retain primary jurisdiction and custody of defendant, and there is no evidence the state has relinquished its custody right. This Court has no authority to order defendant's release from state custody for transportation to the Bureau of Prisons (BOP) for service of the instant federal sentence. Based on the Court's previous Nunc Pro Tunc Recommendation for Concurrent Designation (Dkt. # 51), 24 months of the defendant's 60-month term of imprisonment imposed in the instant federal case will run concurrently with the state terms, and the balance of 36 months will commence after the state terms expire. Upon full expiration or release on parole from the state terms, the defendant will be transported to a BOP facility to serve the balance of the federal sentence. As to the defendant's request for the Court to have the defendant re-evaluated to determine the extent to which being denied his previous request for transfer has affected his mental condition, the Court finds that, upon entry into the BOP for service of the balance of the federal sentence, the BOP will designate defendant to a facility commensurate with defendant's security, program, medical, and mental health needs.

As to the defendant's request for the Court to issue a writ of habeas corpus so that he can address the Court on his need for medical and psychiatric care and access to educational and religious programs, the Court finds that it is not the appropriate jurisdiction to issue such writ.

3

Defendant is not challenging the validity of his federal or state convictions under 28 U.S.C. § 2254, only the administration of the sentences imposed. To the extent defendant challenges the administration of his sentence by the Oklahoma Department of Corrections, the claims raised in his letter are properly adjudicated under 28 U.S.C. § 2241. Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). A § 2241 habeas corpus petition is properly filed in the judicial district where the petitioner is confined. Id. (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). Defendant is presently confined at the Lawton Correctional Facility located in Lawton, Oklahoma. Thus, a § 2241 petition for writ of habeas corpus could be filed only in the United States District Court for the Western District of Oklahoma.

**IT IS THEREFORE ORDERED** that defendant's request for transfer from a state facility to a federal facility (Dkt. # 54) is **denied**; defendant's request for re-evaluation to determine the extent to which being denied his previous request for transfer has affected his mental condition is **declared moot**; and defendant's request for a writ of habeas corpus is **dismissed without prejudice**.

**DATED** this 19th day of August, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE